TOWNSEND GRACE COMPANY et al. *v.* JOSEPH ACKERMAN.

[No. 21, October Term, 1929.]

*Decided January 6th, 1930.*

36

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Roszel C. Thomsen,* with whom was *Walter L. Clark* on the brief, for the appellants.

*Max Sokol,* with whom was *G. Arch Parke* on the brief, for the appellee.

Bond, C. J., delivered the opinion of the Court.

Ackerman, a man who had a very high blood pressure, was employed in a straw hat factory, and he claims compensation for disability resulting from a stroke of apoplexy and subsequent paralysis which, he contends, were brought about by an accidental fall while he was at work. And the controversy is upon the question whether the stroke of apoplexy or a precedent accidental fall and injury, inducing the stroke of apoplexy, caused the disability. In his original claim the man stated merely that, "cleaning a kettle, I fell over". And in his testimony before the commission he said he slipped and fell, feeling giddy as he fell, but not before. There were no bruises to show hard impact. And the diagnosis of the hospital physicians attributed the disability only to the stroke of apoplexy as a cause. And on the evidence before it the commission disallowed the claim of compensable injury.

On appeal, and trial of the issue of fact before a jury, there was added testimony of striking the head in the fall. The claimant testified that he had no dizziness before his fall, that he slipped on wet and sticky glue on the floor, turning his foot, and struck his head, and that upon striking his head he became unconscious. The weight and credibility of the evidence so added are attacked here, but all such objections could be, as they presumably were in this case, considered only on motion in the trial court for a new trial.

It is legally sufficient evidence of an accident preceding the stroke of apoplexy; and, with respect to the legal sufficiency of the whole evidence, it leaves only the question of support for a finding that the stroke of apoplexy and subsequent paralysis, which disabled the man, were in point of fact caused by the fall and striking of the head.

Medical experts called by the claimant testified first that the apoplexy and paralysis could have been caused to such a man by such a fall and striking of the head, and also that apoplexy and paralysis could come on a person with high blood pressure at any time without an accident. Experts produced by the employer and insurer denied the possibility of bringing on, by the fall and bump of the head, the rupture of the particular blood vessel broken in this instance. And then, in rebuttal, one of the claimant's experts was asked whether such a fall and bump of the head, even when not sufficient to produce a bruise, would probably cause a man with high blood pressure to suffer apoplexy and paralysis, and he answered that he thought it would. The question and answer are objected to as absurd, in inferring a probability of apoplexy and paralysis from such a fall and bump to any and every man suffering from high blood pressure, but we think the preceding discussion in the case clearly enough confined the inquiry to the particular man.

The question is also objected to as leading, and it is leading to some extent, but this court is of opinion that its admission was not such an abuse of the court's discretion as would necessitate ordering a retrial for correction, if it was improper at all. The question was, in effect, whether the witness would find more than a possibility of causal connection, and that seems to be unobjectionable. A further question to the same expert, in rebuttal, brought the answer that, if the man slipped and hurt himself, it might have ruptured a blood vessel.

In the evidence so stated, the jury had before them legally sufficient to enable them to find that the man, while working at his employment, slipped on glue on the floor rather than

by reason of the weakness which comes with a stroke of apoplexy, and that he was struck on his head as a result of that slipping on glue; that, while the stroke of apoplexy and paralysis, which the man did suffer, might have come to such a man irrespective of the accident, still, given the accident preceding the stroke, they might and probably did come from the accident. And having found so much, the jury were legally entitled to find that in point of fact the disability resulted from an accidental injury arising out of and in the course of the employment, as they did find. The testimony of probability in this instance seems sufficient to amount to legal proof. It seems tantamount to a statement of the witness' opinion as to the cause of disability in point of fact. *Balto. & O. R. Co. v. Thompson,* 10 Md. 76, 84 and 85.

A general instruction, modifying one requested by the claimant, is objected to as likely to confuse the jury, first, because the original form is so interlined and written over on the margins that the whole is difficult to follow, and, second, because, in outlining the chain of causation which the jury must find to answer in favor of the claimant, his accidental slipping, falling, and striking the head, while suffering from high blood pressure, are referred to as "said incident." The appellants think there should have been a careful discrimination among the several incidents as possible causes. This court is of opinion, however, that the modified instruction is not so confused in form as to affect the verdict and require a retrial of the case; the appellants could have had the instruction rewritten more clearly if they feared confusion from its amended form. And as to the possibility of confusion from an undiscriminating reference to the accident and injury as an incident, it seems to this court that there is little or no likelihood that a jury might be misled. The word "incident" seems to refer only to the alleged accident, consisting in the claimant's slipping, falling, and striking his head while suffering from high blood pressure.

*Judgment affirmed, with costs to the appellant.*